The opinion of the Court was delivered by
Mr. Justice Nott.
This was an action of debt on an administration bond. The plaintiff has obtained a verdict, and a motion is now made to set it aside, and to arrest the judgment, on several grounds. The case is a tissue of irregularities from beginning to end, involving questions, some of which (if it were necessary to decide them) I should consider equally difficult and important. But as an insurmountable objection to any further progress of the cause presents itself at the threshold, which 4»ust for ever put an end to it in this Court, it is unnecessary to go into a particular statement of the circumstances, or to consider any other question arising out of the case. The plaintiff and defendant are the same person, and the question is, whether a person can in any instance maintain an action against himself? I believe a precedent for such a case cannot be found, and that, as well as the reason of the thing, I should think decisive of the question, if the books were silent on the subject. But authorities are not wanted to show *429 that such an action cannot be supported. The doctrine is well illustrated in the case of executors and administrators. It is laid down by Lord Coke, that if the obligor makes the obligee his executor, it is a release in law of the action. (Co. Litt. 264, b.) And in a note by Butler, a debt is only a right to recover the amount of the debt by way of action; and as an executor cannot maintain an action against himself, or against a co-executor, the testator, by appointing a creditor executor of his will, discharges the action, and consequently discharges the debt. In 1 Com. Dig. 336, it is also said, that when an executor is indebted to the testator, his debt shall be released, for the executor cannot maintain an action against himself; and in a note of the editor, the same reason is given. In Toller’s Law of Executors, 230, it is laid down, that if a debtor appoint his creditor executor, he is allowed to retain his debt in preference to all other creditors of equal degree. This remedy arises from the mere operation of law, on the ground that it were absurd and incongruous that he should sue himself, or that the same hand should at once pay and receive the same debt. The same reason runs through all the books that treat on the subject. The whole current of authorities, from Lord Coke down to the present day, go to establish the same doctrine; and if we were disposed to carry our researches still further back, we should find that the same principle prevailed. *430 The case, to be sure, under consideration, is the case of an Ordinary, and not of an executor -T but the difference is only in name, and not in principle: whether the plaintiff is ordinary or executor, the principle is precisely the same, and must be in all cases where the character of plaintiff and defendant unite in the same person. The same incongruity exists in the one case as in the other; and the same consequences must follow. I think, then, it is satisfactorily established, that the action cannot be maintained in this form; and what evil results from such a decision ? The persons interested are not without a remedy. The Court of Equity is open to them, where they may have effectual, and in most cases more ample, relief, than can be obtained in this Court. And the distinct jurisdictions of the two Courts ought to be preserved. I am of opinion, the judgment ought to be arrested.
Cheves arid Johnson, J. concurred.
Colcock and Gantt, J. dissented.
Grimlce, J. was absent, being sick.